IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD DUROSS,<br><br>          Plaintiff,<br><br>    v.<br><br>CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC., and MITCHELL WHITE, PA-C<br><br>          Defendants. | Civil Action No. 20-109-RGA |

MEMORANDUM ORDER

Before me is Plaintiff's Motion for Leave to File Second Amended Complaint. (D.I. 17). Defendants oppose the motion. (D.I. 19). Plaintiff's proposed amended complaint is attached as Exhibit 2 to his motion. (D.I. 17, Ex. 2). For the reasons that follow, I will grant Plaintiff's motion.

Plaintiff originally filed suit in the Superior Court in May 2019. In his complaint, Plaintiff alleged the following. He was an inmate at Howard R. Young Correctional Institute. (D.I. 1-1, Ex. A at 4). On July 17, 2017, Plaintiff submitted correspondence from Mid-Atlantic GI Consultants regarding the scheduling of his biyearly colonoscopy to Defendant White, a Physician Assistant with Connections. (*Id.*). As a result of his diagnosis of ulcerative colitis and his family history of colon cancer, Plaintiff is due for a colonoscopy every two years. (*Id.*). Plaintiff submitted "multiple medical grievances and complaints" over the next year. (*Id.*). Plaintiff's colonoscopy was scheduled on September 18, 2018. (*Id*). Prior to the colonoscopy, Plaintiff was scheduled to undergo a bowel preparation. (*Id.*). Defendant White wrote the bowel

preparation instructions and another medical provider administered the preparation. (*Id.*). The bowel preparation was not administered properly, however, and Plaintiff's colonoscopy was rescheduled to take place one month later. (*Id.*).

While waiting for his colonoscopy, Plaintiff experienced several episodes of mucus and blood leaking from his rectum but was told to wait for his upcoming appointment to address his concerns. (*Id.*). During this time, Plaintiff submitted "an extraordinary number of sick calls and medical grievances." (*Id.* at 41). Plaintiff alleges that Defendant White refused his request for medication to alleviate his symptoms on three separate occasions. (*Id.* at 11). On January 6, 2019, Plaintiff wrote to the prison warden, acting deputy warden, and health administrator to express his concern about the symptoms he was experiencing. (*Id.* at 33). The health administrator responded, explaining that diagnostic testing via hemoccult testing had been offered, but that Plaintiff refused the test. (*Id.*). Plaintiff states that he did not refuse this test. (*Id.*). On January 25, 2019, a prison official informed Plaintiff via letter that another gastroenterology appointment had been scheduled. (*Id.* at 34). On January 30, 2019, Plaintiff underwent another colonoscopy. (*Id.*). At that time, Plaintiff's doctor told him that he needed to receive immediate medical attention. (*Id.* at 35).

Plaintiff filed suit against Defendant Connections on May 7, 2019, in Delaware Superior Court, proceeding *pro se* and *in forma pauperis*. *Duross v. Connections CSP*, 2019 WL 4391231, at *1 (Del. Super. Sept. 13, 2019). Thereafter, Plaintiff filed a motion to amend his complaint, which was denied as to adding a claim of medical negligence and granted as to the addition of Department of Correction officials as defendants. *Id.* at *3. Plaintiff contended that as of September 23, 2019, no follow-up gastroenterology visit had taken place. (D.I. 1, Ex. A at 44).

The case was removed to this court on January 23, 2020. (D.I. 1).

Plaintiff, now represented by counsel, requests leave to file a second amended complaint "in order to add a medical malpractice claim and further explain Connections['] policies, practices, and customs [that] demonstrate deliberate indifference" to Plaintiff's serious medical needs. (D.I. 17 at 17).

In general, Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. The rule provides that leave to amend should be given freely "when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a) "embodies a liberal approach to pleading," and "leave to amend must generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). The relevant equitable considerations include undue delay or bad faith by the party seeking leave to amend, prejudice to the non-moving party, futility of the proposed amendments, and judicial economy. *See Mullin v. Balicki*, 875 F.3d 140, 149-50 (3d Cir. 2017). Prejudice to the non-moving party is the "touchstone" inquiry for the denial of leave to amend. *Id.* at 155. "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6), failure to state a claim. *Id.*

Plaintiff alleges that Defendants were deliberately indifferent to his medical needs. (D.I. 1, Ex. A at 3-5). For example, Plaintiff alleges that Defendant White denied his request for medication to address his ulcerative colitis "flare-up" on three separate occasions, and that his medical grievances were not addressed by prison officials. (*Id.* at 11, 43). In his proposed second amended complaint, Plaintiff adds a list of "procedures, customs and policies," through which he alleges that Connections "displayed continuous deliberate indifference to [his] serious medical

3

needs." (D.I. 17, Ex. 2 at ¶ 44). Included in this list are allegations that Connections failed to maintain adequate staffing levels of medical practitioners, used out-of-date guidelines for colorectal cancer screening, and failed to provide adequate screening for colorectal cancer. (*Id.*). Plaintiff also alleges that both Defendants failed to treat his ulcerative colitis in compliance with appropriate standards, withheld his medication, and failed to refer him to emergency care. (*Id.* at ¶ 42).

Defendants argue that amendment should be denied as futile and that the proposed second amended complaint suffers from the same deficiencies as the proposed first amended complaint. (D.I. 19 at 3). According to Defendants, Plaintiff has set forth "nonspecific criticisms under the [unproven] pretense of policies, customs, or practice," and has not provided a "causal nexus" to substantiate a Plaintiff's claim for deliberate indifference. (*Id.*). Defendants also contend that Plaintiff has not offered a valid *respondeat superior* basis[1] under which to hold Defendant White liable, nor has Plaintiff pleaded facts that rise to the level of the constitutional violations alleged. (*Id.*). The question before me now is not whether Defendants have engaged in policies, customs, or practices, or whether Defendant White was personally involved in the acts and omissions alleged by Plaintiff. The question before me now is whether I should grant Plaintiff leave to have an opportunity to plead such facts. Defendants' concerns are properly addressed in a motion to dismiss.

---

[1] The proposed Second Amended Complaint alleges, for example, that Defendant White, a physician assistant, is responsible for Connections' policies. (D.I. 17, Ex. 2, ¶ 44). Such allegations are not plausible. Thus, no viable *respondeat superior* theory is advanced against Defendant White. That does not matter, because there are also allegations of acts he personally did with deliberate indifference.

The Third Circuit instructs that leave to amend should be granted "liberal[ly]." *See Arthur*, 434 F.3d at 204. Amendment is not futile where, in Plaintiff's proposed second amended complaint, he has offered plausible factual allegations for his claim that Defendant Connections implemented policies, customs, and/or practices that deny medical treatment to Plaintiff. *See* D.I. 17, Ex. A at ¶ 44; *see Shane*, 213 F.3d at 115. Defendants contend that they would be prejudiced by the filing of a second amended complaint due to the "significant expense" incurred defending themselves against "a parade of non-justiciable claims." (D.I. 19 at 3). I find no support for the argument that the costs of defending litigation alone are enough to render further litigation unduly prejudicial to a defendant. No bad faith on the part of Plaintiff has been suggested. *See Mullin*, 875 F.3d at 149-50. Particularly given that Plaintiff was proceeding without counsel when filing his initial complaint and first amended complaint, I find that it is in the interest of justice to allow Plaintiff another opportunity to state his claim. I do so without prejudice to any motion to dismiss Defendants may choose to file.

For the foregoing reasons, I will **GRANT** Plaintiff's motion for leave to amend. (D.I. 17). Defendants' motion to dismiss (D.I. 3) is **DISMISSED** as moot.

Entered this 10th day of July, 2020.

/s/ Richard G. Andrews
United States District Judge