# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DONALD DUROSS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 20-109-RGA ) |
| CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC. and MITCHELL WHITE, PA-C, | ) ) ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION

Ronald G. Poliquin, THE POLIQUIN FIRM, LLC, Dover, DE.  *Counsel for Plaintiff.*

Dana Spring Monzo and Kelly E. Rowe, WHITE AND WILLIAMS LLP, Wilmington, DE. *Counsel for Defendants*.

March 23, 2021
Wilmington, DE

/s/ Richard G. Andrews
**ANDREWS, U.S. DISTRICT JUDGE:**

Plaintiff Donald Duross, an inmate at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action asserting a claim pursuant to 42 U.S.C. § 1983 for violation of his Eighth Amendment constitutional rights and a claim pursuant to state law for medical malpractice. (D.I. 25). Defendants are Connections Community Support Programs, Inc. and Mitchell White, PA-C (collectively, "Defendants"). Before the Court is Defendants' motion to dismiss pursuant to Rule 12(b)(6). (D.I. 26). Briefing is complete. (*See* D.I. 27, D.I. 30, D.I. 31)

## I.  BACKGROUND

On or about July 7, 2017, Duross submitted a letter to Defendants from Mid-Atlantic GI Consultants confirming that he required and was due for a bi-annual colonoscopy. (D.I. 25 ¶ 7). Duross required a bi-annual colonoscopy because of his ulcerative colitis and family history of colon cancer. (*Id*. at ¶ 8). Despite the July 7, 2017 letter and multiple follow-ups due to Defendants' inactions, the colonoscopy was not scheduled to be performed until September 18, 2018, more than fourteen months later. (*Id*. at ¶ 9).

After the colonoscopy was finally scheduled, White prepared pre-procedure bowel preparation instructions. (*Id*. at ¶ 10). The bowel preparation was then improperly administered by White and/or members of the Connections nursing staff. (*Id*.). As a result, St. Francis Hospital could not complete Duross' colonoscopy on September 18, 2018 as scheduled. (*Id*. at ¶ 12).

During the bowel preparation, White also took away Duross' Apriso medication, which is prescribed to prevent ulcerative colitis flare-ups. (*Id*. at ¶ 11). After Duross returned from the unsuccessful colonoscopy, Defendants failed and/or refused to return to Duross his prescribed

1

Apriso medication. (*Id*. at ¶ 13). The medication was returned after Duross submitted a medical grievance. (*Id*. at ¶¶ 15-16). In total, Duross went eight days without the Apriso medication. (*Id*.).

Duross suffered multiple full-blown flare-ups of his ulcerative colitis, which lasted from September 2018 to January 2019. (*Id*. at ¶ 17). Duross' flare-ups included bleeding from his anus, bloody mucus in his stools, extreme abdominal pain and weight loss. (*Id*. at ¶ 18). Duross attributes these flare-ups to two events: (1) not having the Apriso for 8 days, which acts as a preventive medication, and (2) Defendants' failure to respond to Duross' request for treatment once the ulcerative colitis began to actively flare up. (*Id*. at ¶¶ 17-22). Duross alleges that White denied his request for medication to address his increased symptomatology on at least three occasions. (*Id*.).

Duross finally received a colonoscopy on January 30, 2019, at which time the doctor diagnosed moderate to severe colitis. (*Id*. at ¶ 27). Due to severe inflammation, the doctor was unable at that time to test for colon cancer. (*Id*.).

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), the defendant may move to dismiss the complaint for failing to state a claim upon which relief can be granted. Under Fed. R. Civ. P. 8(a)(2), a pleading must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp*., 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that the allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). When considering a Rule 12(b)(6) motion, the court may only consider "document[s] integral to or explicitly relied upon in the complaint," including "any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the Plaintiff's claims are based on the document." *In re Asbestos Prods. Liab. Litig.*, 822 F.3d 125, 133 n.7 (3d Cir. 2016) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1993)).

### III. DISCUSSION

#### A. Section 1983

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Duross alleges that the Defendants violated his Eighth Amendment constitutional rights. (D.I. 30 at 4). Each Defendant is addressed separately.

##### 1. Defendant White

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately

indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle*, 429 U.S. at 104-05.

Here, Defendants do not dispute that Duross had a serious medical condition. In addition, Duross alleges that, despite repeated requests, White delayed eight days in returning to Duross the prescriptive medicine Apriso that prevents ulcerative colitis flare-ups and, over the course of several months, White denied three times Duross' request for medication to treat the active flare-ups. While discovery may show that White acted properly, at this early stage of the litigation, Duross has pled sufficient facts to proceed against him. Therefore, the Court will deny the motion to dismiss the § 1983 claim as to Defendant White.

### 2. Defendant Connections

Count I of the amended complaint seeks to hold Defendant Connections liable based upon *respondeat superior* and Count II seeks to hold Connections liable based upon its customs and policies. "It is well settled that corporate or municipal liability under § 1983 cannot flow from a theory of respondeat superior or vicarious liability." *Hurley v. Connections Cmty. Support Programs, Inc.*, 2021 WL 677943, at *3 (D. Del. Feb. 22, 2021). "Instead, a corporation's liability for constitutional violations under § 1983 may be established if Plaintiff provides evidence of a 'relevant policy or custom, and that the policy caused the constitutional violation they allege.'" *Id*. (alterations omitted) (quoting *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003)). Accordingly, Count I is dismissed with prejudice and the Court turns to Count II.

4

"'Policy is made when a decisionmaker possess[ing] final authority to establish ... policy with respect to the action issues an official proclamation, policy or edict.'" *Miller v. Corr. Med. Sys., Inc.*, 802 F. Supp. 1126, 1132 (D. Del. 1992) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Miller*, 802 F. Supp. at 1132.

There is no dispute that Connections is responsible for inmate care at the Howard R. Young Correctional Institution. In the amended complaint, Duross alleges that he submitted multiple requests and grievances that were either ignored or responded to months after submission, all relating to the same medical issues. As a result, Duross suffered from ulcerative colitis flare ups that lasted at least four months (later diagnosed by a doctor as moderate to severe). Duross attributes his treatment (or lack of treatment) to several Connections' customs and policies including: (i) the failure to maintain adequate staffing levels of nurses and physicians, which led to delays in receiving medical care that lasted several months, and having medical decisions related to inmate care being made either by inadequately trained medical personnel or non-medical personnel, and (ii) the refusal to authorize necessary and appropriate outside medical consultations as long as possible in order to avoid paying for necessary and required care. (D.I. 25 ¶ 40(a),(e)). "Plaintiff is not required to recite the specific text or official policy." *Shivers*, 2019 WL 568534, at *2. "He must only place Defendant on notice as to its alleged improper conduct and the policy in place that created such conduct." *Id*. Liberally construing the allegations as the Court must, Duross adequately states a claim against Connections. Therefore, the Court will deny the motion to dismiss the § 1983 claim as to Connections.

### B. Medical Malpractice Claim

Defendants contend the complaint should be dismissed under Rule 8(a) because it lacks particular factual details, including the specific dates on which he was denied treatment, who specifically denied him treatment, and the names of any treating providers besides White. (D.I. 27 at 16-18). The complaint, however, does provide specific dates for certain treatments and a time range for others as well as the names of specific treating providers in addition to a general reference to the nursing staff at Connections who assisted White. It is not uncommon for a person to not know the name of the nurse who assisted in providing treatment. Thus, the Court concludes that the amended complaint states a plausible claim for relief and the additional factual details Defendants seek are not required by Rule 8(a). *See JJCK, LLC v. Project Lifesaver Int'l*, 2011 WL 2610371, at *8 (D. Del. July 1, 2011) ("[P]laintiffs are not required to present 'detailed factual allegations' in a complaint in order to 'cross the line from conceivable to plausible.'") (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008)). Accordingly, Defendants' motion to dismiss the medical malpractice claim is denied.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (D.I. 26) is denied. An appropriate order will be entered.